IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO TELEPHONE COMPANY, INC.<br><br>**Claimant**<br><br>v.<br><br>WORLDNET TELECOMMUNICATIONS, LCC<br><br>**Respondent** | MISC. CASE NO. 21-MC-386 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Claimant Puerto Rico Telephone Company, Inc.'s ("PRTC") *Petition to Confirm Arbitration Award* ("Petition to Confirm") (Docket No. 1) and Respondent WorldNet Telecommunications, LLC's ("WorldNet") subsequent *Motion to Dismiss Petition to Confirm Arbitration Award* ("Motion to Dismiss") (Docket No. 8). Because there presently exists no justiciable "case" or "controversy" so as to confer jurisdiction on this Court, Claimant's *Petition to Confirm* is **DENIED** and Respondent's *Motion to Dismiss* is **GRANTED**.

**I. BACKGROUND**

PRTC and WorldNet are parties to the *Amended and Restated Landline Operations Interconnection, Unbundling, and Resale Agreement* ("Amended ICA"), dated November 24, 2018. (Docket No. 2-

1). Section 24 of the Amended ICA outlines the dispute resolution process for liquidated damages claims. Id. at 41-44, § 24. The parties have thirty days to resolve the dispute internally, and then 180 days to initiate arbitration. Id. at 42-43, § 24.5. If WorldNet does not initiate arbitration within the 180-day period, "the dispute, or any portion thereof not fully and completely resolved in writing via negotiation, will be deemed to have been waived fully and irrevocably and no further claim regarding the subject dispute, or waived portion thereof, shall be asserted by WorldNet." Id. at 43, § 24.5.1.4. The Amended ICA also provides that the arbitration award "shall be confidential, unless otherwise required by law or as is necessary to confirm, vacate or enforce the award or amend this Agreement as a result of the award." Id. § 24.5.2.5.

On April 27, 2020, WorldNet initiated a liquidated damages dispute. The parties participated in binding arbitration, and the arbitrator issued its award (the "Final Award") on August 10, 2021.[1] (Docket No. 4-1). The Final Award ordered PRTC to pay a specific sum of money to WorldNet and denied all other claims and requests for relief. Id. at 39. The parties agree PRTC has paid the full amount awarded to WorldNet. (Docket No. 12 at 8). They

---

[1] Neither party raises any issue with the arbitration process itself.

also agree that the Final Award is final and binding on the parties. (Docket No. 1 ¶ 25; Docket No. 8 at 5).

On August 17, 2021, PRTC petitioned this Court to confirm the Final Award pursuant to Section 9 of the Federal Arbitration Act ("FAA"). Section 9 provides in relevant part that a court, save exceptions not applicable here, "must grant" a timely request for an arbitration award. 9 U.S.C. § 9. WorldNet subsequently moved to dismiss the petition, arguing there is no "case" or "controversy" before the Court. The Court agrees.

## II.   ANALYSIS

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021). To establish Article III standing, a plaintiff must have: (1) suffered an injury-in-fact; (2) that is fairly traceable to defendant's challenged actions; and (3) that is likely redressable by a favorable decision. *See* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). At issue here is the "injury-in-fact" requirement, which the Supreme Court defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. (citations and quotations omitted).

No actual injury exists here because PRTC has fully complied with its obligations under the Final Award. The arbitrator required

PRTC to pay WorldNet a certain sum of money and PRTC obeyed. These facts stand in contrast to the body of caselaw involving confirmation of arbitration awards for equitable relief, in which the justiciability issue is admittedly more nuanced than the case at bar. *See, e.g.*, Teamsters Loc. 177 v. United Parcel Serv., 966 F.3d 245, 253 n.3 (3d Cir. 2020) (holding that the district court had jurisdiction to confirm an arbitration award under FAA § 9 even in absence of new dispute about its terms, but noting that "[w]e limit our holding to an award for equitable relief and **express no opinion as to whether a party that receives an arbitration award for money damages has standing to confirm the award in federal court after those damages are paid in full**").

Further, PRTC, as the party seeking relief, has failed to identify any imminent injury. In fact, as noted above, there is no risk of future litigation concerning the claims underlying the Final Award, as such claims are time-barred pursuant to § 24.5.1.4 of the Amended ICA. (Docket No. 2-1 at 43, § 24.5.1.4). Additionally, the confidentiality provision that governs the Final Award severely limits, if not eliminates, any chance that WorldNet could use the Final Award for any "precedential" value in a future action or dispute. Id. § 24.5.2.5 (the arbitration award "shall be confidential, unless otherwise required by law or as is necessary to confirm, vacate or enforce the award or amend this Agreement as a result of the award").

The Court recognizes that the FAA clearly states that a court "must grant" a timely request for an arbitration award. 9 U.S.C. § 9. But such language does not supersede the "irreducible constitutional minimum of standing." Lujan, 504 U.S. at 560. And while the Supreme Court certainly emphasized the unambiguous nature of this language in Hall Street, nowhere did the Court instruct district courts to ignore foundational constitutional principles when reviewing petitions for confirmation. *See* Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008).

In the absence of a "case" or "controversy," this Court cannot confirm the Final Award. Accordingly, Claimant's *Petition to Confirm* is **DENIED** and Respondent's *Motion to Dismiss* is **GRANTED.** Judgment of dismissal **WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of January 2022.

S/ Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE